**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3402-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LUIS HERNANDEZ,

    Defendant-Appellant.

_____

        Submitted September 25, 2017 — Decided October 10, 2017

        Before Judges Accurso and O'Connor.

        On appeal from Superior Court of New Jersey,
        Law Division, Passaic County, Indictment No.
        04-03-0323.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Steven M. Gilson, Designated
        Counsel, on the brief).

        Camelia M. Valdes, Passaic County
        Prosecutor, attorney for respondent
        (Christopher W. Hsieh, Chief Assistant
        Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Luis Hernandez appeals from a February 5, 2016 order denying his petition for post-conviction relief (PCR). Following our review of the record and applicable law, we affirm.

In June 2005, a jury convicted defendant of first-degree aggravated manslaughter, causing death during an eluding, N.J.S.A. 2C:11-4(a)(2); first-degree death by auto within 1000 feet of a school, N.J.S.A. 2C:11-5(b)(3); second-degree eluding, N.J.S.A. 2C:29-2(b); third-degree leaving the scene of a motor vehicle accident resulting in death, N.J.S.A. 2C:11-5.1; third-degree operating a motor vehicle that was involved in an accident resulting in death while driving with a suspended driver's license, N.J.S.A. 2C:40-22(a); and third-degree endangering an injured victim by leaving the scene of an accident, N.J.S.A. 2C:12-1.2(a).

In August 2005, defendant was sentenced in the aggregate to a term of life in prison. Defendant appealed from his convictions and sentence. We affirmed his convictions but, for reasons not relevant to the issues raised in this appeal, remanded the matter for resentencing. See State v. Hernandez, No. A-1280-05 (App. Div. August 6, 2007). The Supreme Court denied defendant's petition for certification, 194 N.J. 269 (2008).

On remand, the trial judge imposed the same sentence. Defendant appealed and, again, for reasons not pertinent to any issue raised here, we remanded for resentencing. See State v. Hernandez, No. A-5489-07 (App. Div. Apr. 5, 2011). While his matter was on appeal, on July 1, 2010, defendant filed a PCR petition but later withdrew that petition because of the pending appeal.

On June 24, 2011, defendant was sentenced in the aggregate to a forty-year term of imprisonment. On January 16, 2013, the excessive sentencing panel affirmed this sentence. State v. Hernandez, No. A-3541-11 (App. Div. January 16, 2013).

The facts underlying defendant's convictions are set forth in our previous opinions and need not be repeated, except to provide the following brief summary of the evidence.

In November 2003, defendant was pulled over by a Clifton police officer for a routine traffic stop. Although he initially stopped, defendant panicked and sped away because he did not have a valid driver's license. The officer chased defendant on his motorcycle. Eventually, defendant ran through a stop sign and collided with the officer on his motorcycle, who had entered the intersection from a cross street. The impact caused the officer to be thrown from the motorcycle to his death. Defendant jumped out of his vehicle and ran away, but

was returned to the scene by two members of the public. Defendant later agreed to give blood and urine samples to the police, and waived his <u>Miranda</u>[1] rights.

On December 27, 2013, defendant refiled his petition for PCR. Among other things, defendant asserted counsel was ineffective because he failed to investigate whether one of the police officers who handled his matter was prejudiced against him because he is Hispanic. On February 5, 2016, the PCR court denied defendant's petition on substantive grounds, but also determined the petition was time-barred under <u>Rule</u> 3:22-12(a).

On appeal, defendant raises the following points for our consideration:

> POINT I: DEFENDANT'S PCR PETITION SHOULD NOT HAVE BEEN PROCEDURALLY BARRED.
>
> POINT II: THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CLAIM OF TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO ADEQUATELY INVESTIGATE HIS CASE.

Although we are inclined to agree defendant's petition was time-barred, we need not address this issue as defendant failed to make a prima facie showing counsel was ineffective, warranting we affirm the PCR court's determination to dismiss the petition.

---

[1] <u>Miranda v. Arizona</u>, 384 <u>U.S.</u> 436, 86 <u>S. Ct.</u> 1602, 16 <u>L. Ed.</u> 2d 694 (1966).

A-3402-15T3

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the following two-prong test: (1) counsel's performance was deficient and he or she made errors so egregious counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra, 466 U.S. at 687, 694, 104 S. Ct. at 2064, 2068, 80 L. Ed. 2d at 693, 698.

Here, defendant argues trial counsel was ineffective because he failed to investigate whether any of the police officers who handled his matter were prejudiced against him because of his ethnic background. However, defendant proffers no evidence any officer was in fact prejudiced against him on the basis of his ethnicity, or what counsel would have discovered had he investigated this particular claim. In short,

defendant's claim the officers were prejudiced against him is merely a bald assertion devoid of any substance.

When a defendant asserts his attorney has inadequately investigated his matter, "'he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification.'" State v. Porter, 216 N.J. 343, 353 (2013) (citing State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999)). Here, defendant failed to meet this standard.

Accordingly, we are satisfied from our review of the record defendant failed to make a prima facie showing of ineffectiveness of trial counsel under the Strickland-Fritz test. The PCR court correctly concluded an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 452, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION